**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARIBETH KOSS,

       Plaintiff,                      CASE NO. 05-CV-74263

-vs-                                    PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

UNUMPROVIDENT CORP.,
and UNUM LIFE INSURANCE
COMPANY OF AMERICA,

       Defendants,

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

       Counter-Plaintiff / Third-Party Plaintiff,

-vs-

MARIBETH KOSS,

       Counter-Defendant,

and

LORRAINE CALEBRESE, JASON CALEBRESE,
and CANDACE CALEBRESE MUNOZ,

       Third-Party Defendants.

_____/

**OPINION AND ORDER
(1) GRANTING DEFENDANTS' MOTION TO DEPOSIT INTERPLEADED FUNDS;
AND (2) GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES**

    Before the Court are Defendants' / Counter-Plaintiff's / Third-Party's Plaintiffs (1)

Motion to Deposit Interpleaded Funds and (2) Motion for Attorney's Fees. (Docket No. 31).

Plaintiff filed a Concurrence on Defendants' Motion for Attorney Fees. (Docket Nos. 36, 47). Third-Party Defendant filed her Response on October 30, 2006. (Docket No. 44). Defendants filed their Reply on November 7, 2006. (Docket No. 46). The Court held a motion hearing on November 30, 2006. For the following reasons, the Court GRANTS Defendants' Motion to Deposit Interpleaded Funds and GRANTS Defendants' Motion for Attorney's Fees.

I.   **BACKGROUND**

This case arises out of a dispute among potential beneficiaries of the life insurance policy of Anthony Calebrese ("decedent") issued by UNUM Life Insurance Company of America ("UNUM").[1] Decedent was employed by Akzo Noble, Inc. and was enrolled in a group life insurance policy regulated by ERISA. Under the policy, decedent's beneficiaries were eligible for $367,000 in life insurance coverage.

In October 2003, decedent completed a life insurance beneficiary designation form, effective January 1, 2004, and designated his spouse, Lorraine Calebrese ("Mrs. Calebrese"), as 100% beneficiary of the policy. He designated his children, Candace Calebrese-Munoz and Jason Calebrese, as contingent beneficiaries. Six days before he died on June 17, 2005, the decedent completed a new life insurance beneficiary designation form naming Maribeth Koss ("Koss"), his girlfriend, as 50% beneficiary of his life insurance benefits. He designated his children each as 25% beneficiaries and named Mrs. Calebrese as the contingent beneficiary.

After decedent's death, Koss filed a claim with UNUM for 50% of the proceeds of the life insurance policy. On August 16, 2005, Mrs. Calebrese, Jason Calebrese, and Candace Calebrese Munoz sent a letter that was forwarded to UNUM stating that they believed that

---

[1] The captioned defendants include UNUM Provident Corporation and UNUM Life Insurance Company of America. The Court will refer to these entities collectively as "UNUM."

decedent was not medically competent to change his beneficiary designation on June 11, 2005. On September 27, 2005, UNUM informed Koss and Mrs. Calebrese that it could not make a decision between the competing claimants.

Koss then filed an action on October 12, 2005, in Oakland County Circuit court against UNUM claming 50% of the life insurance proceeds. UNUM removed the case to federal court on November 7, 2005. On December 1, 2005, UNUM interpleaded as third-party defendants Mrs. Calebrese, Jason Calebrese, and Candace Calebrese Munoz. UNUM does not deny that the insurance proceeds must be paid out, but claims that by making a decision in this instance it will face multiple liability because of the competing claims.

On August 25, 2006, UNUM filed a (1) Motion to Deposit Interpleaded Funds to discharge UNUM from all liability in the case and (2) Motion to Award Attorney's Fees. (Docket No. 31). Koss concurred with both of UNUM's motions. (Docket Nos. 36, 47). Mrs. Calebrese filed her Response on October 30, 2006. (Docket No. 44). UNUM filed its Reply on November 7, 2006. (Docket No. 46).

**II.    ANALYSIS**

    **A.    Motion to Deposit Interpleaded Funds**

Mrs. Calebrese argues that the Court should not permit UNUM to deposit the interpleaded funds and be discharged from liability because UNUM has not performed its statutory duties under ERISA. The crux of Mrs. Calebrese's argument is that ERISA requires that the plan administrator actually choose a beneficiary and develop an administrative record, rather than allowing the insurance company to interplead the parties, deposit the disputed proceeds, and be discharged from liability. In support of her argument, Mrs. Calebrese cites

*Perry v. Simplicity Eng'g,* 900 F.2d 963 (6th Cir. 1990), *Equitable Life Assurance Soc'y of the United States v. Crysler*, 66 F.3d 944 (8th Cir. 1995), *Life Ins. Co. of North America v. Nears*, 926 F. Supp. 86 (W.D. La. 1996), and *Forcier v. Forcier*, 406 F. Supp. 2d 132 (D. Mass. 2005). Finally, Mrs. Calebrese argues that UNUM will not incur any additional legal costs nor would it prolong the case if the Court required UNUM to investigate the competing claims and make a decision on a beneficiary before proceeding to Court. (Calebrese Br. 7-8).

    UNUM argues that controlling Sixth Circuit precedent allows an ERISA claims administrator to interplead funds and to be discharged from liability for those proceeds, without deciding which of the competing claimants was entitled to the benefits. UNUM further contends that ERISA's goals of prompt resolution of a claim for benefits would not be served by remanding the case to UNUM. If the case were remanded, UNUM would have to investigate the claim and determine a beneficiary. The losing claimant would have ninety (90) days to request an administrative review, and UNUM would have up to 120 days to decide the appeal. Once the decision was made, the Policy allows the denied claimant up to three (3) years to bring an action seeking payment of benefits. (UNUM Reply 3-4). Finally, UNUM argues that the "reverse exhaustion" doctrine relied upon in Massachusetts district court in *Forcier* has not been accepted by federal courts in Michigan. (UNUM Reply 4).

    The question of whether a claims administrator can interplead competing beneficiaries to an insurance policy and deposit disputed funds in order to be discharged of liability, begins and ends with the Sixth Circuit's decision in *Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415 (6th Cir. 1997). In that case, the court recognized that when faced with competing beneficiaries, an ERISA plan administrator can interplead the claimants under FRCP 22(1), "withdraw from the

proceeding, and leave claimants to litigate between themselves the ownership of the fund in court." *Id*. at 418 (citations and internal quotations omitted). This is precisely what UNUM requests to do in this instance. *See Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 128 (6th Cir. 1996); *Metro. Life Ins. Co. v. Clark*, 159 Fed. Appx. 662, 663 (6th Cir. Dec. 14, 2005) (unpublished).

Mrs. Calebrese cites *Perry* for the proposition that an ERISA plan administrator must make a decision on a beneficiary before court review. (Calebrese Br. 4-5). However, *Perry* held that when a claims administrator denies benefits to a claimant, a district court can review that decision under the appropriate standard of review. 900 F.2d at 966. No language in *Perry* suggests that the Sixth Circuit has held that an ERISA plan administrator is required to make an initial decision among competing beneficiaries before it can interplead parties in court to resolve the dispute. Mrs. Calebrese also argues that the language of the insurance policy itself requires UNUM to make an initial decision of the proper beneficiary before the action can be brought in court. (Calebrese Br. p. 3-4, Ex. A Excerpts from Plan). However, the Court can find no explicit language to that effect, i.e. any language concerning the plan's obligations faced with competing beneficiaries.

Finally, the Court notes that there is an additional response that undercuts Mrs. Calebrese's argument. UNUM's failure to decide in favor of Mrs. Calebrese as a beneficiary is, in essence, a decision against her claim. Indeed, it is that rejection that brings Mrs. Calebrese into this Court.

Since the *Marsh* decision provides the proper analysis for an interpleader action in an ERISA case, the Court need not consider out-of-circuit cases to properly resolve UNUM's

motion. Therefore, the Court GRANTS UNUM's Motion to Deposit Interpleaded Funds and discharges UNUM from liability arising from this dispute.

**B.    Motion for Attorney's Fees**

Mrs. Calebrese argues that UNUM is not entitled to attorney's fees from the proceeds of the insurance policy since UNUM is not an "innocent stakeholder who has been required to expend time and money to participate in a dispute not in its own making." (Calebrese Br. 8). Furthermore, Mrs. Calebrese contends that the case UNUM cites, *Holmes v. Artists' Rights Enforcement Corp.*, 148 Fed. Appx. 252 (6th Cir. July 13, 2005) (unpublished), does not mandate the award of attorney's fees in this instance. Lastly, in support of her contention, Mrs. Calebrese relies upon *Sun Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730 (W.D. Mich. 1990), to show that attorney's fees are not warranted in this instance.

UNUM points out that, despite these arguments, a district court nevertheless retains discretion to award attorney's fees in an interpleader action. (UNUM Reply 5). UNUM insists that where Mrs. Calebrese has continued to object to UNUM's motion to deposit the interpleaded funds despite "the holding of at least five Sixth Circuit cases" to the contrary, the Court should award fees. (*Id*.).

The Court concludes that UNUM should be awarded reasonable attorney's fees in connection with bringing the interpleader action, but UNUM is entitled to attorney's fees arising out its efforts to respond to, and to appear on, Mrs. Calebrese's opposition to the interpleader motion. The Court noticed that at the motion hearing two attorneys appeared on behalf of UNUM in this matter. This was "overload." In calculating attorney's fees pursuant to this Order, the costs involving the appearance of the second attorney shall not be included.

III. **CONCLUSION**

The Court **GRANTS** UNUM's Motion to Deposit Interpleaded Funds and **GRANTS** UNUM's Motion to Award Reasonable Attorney's Fees, which request will be scrutinized by the Court.

**SO ORDERED.**

                        s/Paul D. Borman
                        PAUL D. BORMAN
                        UNITED STATES DISTRICT JUDGE

Dated: January 24, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.

                        s/Denise Goodine
                        Case Manager