**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIBETH KOSS,

       Plaintiff,                      CASE NO.  05-CV-74263

-vs-                                    PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

UNUMPROVIDENT CORP.,
and UNUM LIFE INSURANCE
COMPANY OF AMERICA,

       Defendants,

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

       Counter-Plaintiff / Third-Party Plaintiff,

-vs-

MARIBETH KOSS,

       Counter-Defendant,

and

LORRAINE CALEBRESE, JASON CALEBRESE,
and CANDACE CALEBRESE MUNOZ,

       Third-Party Defendants.

_____/

**ORDER ON DEFENDANTS' ITEMIZATION OF ATTORNEY'S FEES**

      Before the Court are (1) Defendant UNUM Life Insurance Company's ("Defendant")

February 7, 2007 Supplemental Itemization for Attorney's Fees (Docket No. 50); (2) Plaintiff

1

Maribeth Koss' February 13, 2007 Response to UNUM's Itemization (Docket No. 51); and (3) Third-Party Defendant Lorraine Calebrese's February 16, 2007 Objections to Defendants' Itemization of Attorney's Fees (Docket No 53).

The background of the instant case is recounted in this Court's January 24, 2007 Order. *See Koss v. UNUM Provident Corp.*, No. 05-74263, 2007 WL 201071 (E.D. Mich. Jan. 24, 2007) (unpublished). In that Order, the Court awarded Defendant reasonable attorney's fees in bringing the interpleader action as well as responding to and appearing on Calebrese's opposition to that motion. *Id*. at *3.

Defendant submits attorney's fees amounting to $33,743.50, in two itemizations. The first itemization was filed on September 11, 2006, totaling $22,283.50 for attorney's fees incurred from October 24, 2005 to August 29, 2006. Defendant filed a supplemental itemization on February 7, 2007, that included attorney's fees incurred between September 1, 2006 and November 30, 2006.

Koss contends that since she never opposed Defendant's efforts to interplead the disputed funds, the attorney's fees should come out of the life insurance proceeds that would go to Calebrese.

Calebrese objects to Defendant's fees itemization. Calebrese reads this Court's January 24, 2007 Order as limiting reasonable attorney's fees only to Defendant's expenses incurred in responding to and appearing on Calebrese's opposition to Defendant's Motion to Interplead Funds. (Calebrese Br. 2-3). As a result, Calebrese objects to all of the fees from the September 11, 2006 itemization. Additionally, she objects to listings from the February 7,

2007 itemization that were not directly related to responding to or appearing on Calebrese's opposition to the interpleader action. (*Id*. 3)

Calebrese also requests clarification of Defendant's February 7, 2007 itemization. Specifically, Calebrese notes that although a junior attorney did certain work on Defendant's motions, the attorney's initials are all "JMS" (presumably this refers to Defendant's lead counsel "J. Michael Smith") and the billing rate is a constant $300.00 per hour. If the junior attorney billed at a different hourly rate, Calebrese insists that the itemization should reflect that fact. (*Id*. 4).

The Court's Order clearly indicated that Defendant was entitled to reasonable attorney's fees for both bringing the interpleader action as well as responding to Calebrese's opposition. *Koss,* 2007 WL 201071, at *3.

In its Reply brief, Defendant acknowledges that the "total amount of attorney's fees incurred from July 10, 2006 through August 25, 2006 directly relating to the Motion to Deposit Funds is $6,187.50." (Def. Reply 4). Defendant also points out that Calebrese "does not oppose the request for attorney's fees for 31.65 hours of time representing $9,495 in fees incurred between September 1, 2006 and November 30, 2006," or the efforts to respond to Calebrese's opposition to the interpleader motion. (*Id*.)

The Court finds that the amount of $15,682.50 is a reasonable attorney's fee for Defendant's efforts to bring the interpleader motion and to respond to and appear on Calebrese's opposition. Further, the Court holds that the attorney's fees shall be paid out of the interpleaded amount, and not be deducted from any beneficiary's potential share of the proceeds.

For the foregoing reasons, the Court hereby **ORDERS** that:

    (1)    Reasonable attorney's fees shall be awarded to Defendant in the amount of $15,682.50; and

    (2)    The attorney's fees shall be deducted from the interpleaded funds.

**SO ORDERED.**

                                  s/Paul D. Borman  
                                  PAUL D. BORMAN  
                                UNITED STATES DISTRICT JUDGE

Dated: February 23, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 23, 2007.

                                s/Denise Goodine  
                                Case Manager